UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Angel Amaro-Velazquez, ) | Civil Action No. 8:21-0111-BHH |
| ) | |
| Petitioner, ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| ) | |
| Stevie Knight, Warden, ) | |
| ) | |
| Respondent. ) | |

Petitioner Angel Amaro-Velazquez ("Petitioner") filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., the action was referred to United States Magistrate Judge Jacquelyn D. Austin, for pretrial handling and a Report and Recommendation ("Report"). Magistrate Judge Austin recommends the § 2241 Petition be dismissed without prejudice and without requiring Respondent Stevie Knight, Warden ("Respondent") to file an answer or return, and further recommends that Petitioner's motion for expedited review be denied. (ECF No. 13 at 12.) The Report sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.[1]

## BACKGROUND

In this § 2241 action, Petitioner, a federal inmate at FCI Estill, challenges the BOP's alleged refusal to calculate his sentence via Earned Time Credits ("ETC") under the First Step Act ("FSA") in accordance with 18 U.S.C. § 3632(d)(4)(A). (ECF No. 1 at

---

[1] **Error! Main Document Only.**As always, the Court says only what is necessary to address Petitioner's objections against the already meaningful backdrop of a thorough Report and Recommendation by the Magistrate Judge; comprehensive recitation of law and fact exists there.

1

2.) Contemporaneous with the petition, Petitioner filed a document entitled "Emergency Motion Pursuant to 28 U.S.C. § 2241 and Notice for Immediate Consideration," seeking expedited review of his sentence calculation claim. The Magistrate Judge issued the instant Report concluding that this action is subject to summary dismissal for failure to exhaust administrative remedies. (ECF No. 13.) Petitioner timely filed objections (ECF No. 16) to the Report. The Court has reviewed those objections, but finds them to be without merit; therefore, it will enter judgment accordingly.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270– 71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("[D]e novo review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). In the absence of a specific objection, the Court reviews the Magistrate's conclusions only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). On February 26, 2021, Petitioner

filed specific objections (ECF No. 16), and the Court has conducted the requisite *de novo* review.

## DISCUSSION

The Magistrate Judge found that this action is subject to summary dismissal because Petitioner has not exhausted his administrative remedies. (ECF No. 13 at 10–11.) She further found that Petitioner has not demonstrated any cause or prejudice suggesting the exhaustion requirement should be waived and that this is precisely the type of case which requires a fully developed administrative record in order for judicial review to prove effective. (*Id.*)

Petitioner objects by arguing that "this case presents a narrow dispute of statutory construction which is exempt from the exhaustion requirement" and "any further exhaustion would be futile." (ECF No. 16 at 2.) Petitioner argues at length that proper statutory construction of the FSA supports the notion that no further exhaustion is required, and rehashes arguments from his memorandum in support of expedited review (*see* ECF No. 2-1 at 6–7) that the BOP's gradual implementation of recidivism reduction programs should prioritize sentencing credit for prisoners "whose release dates are nearer, such as Petitioner." (ECF No. 16 at 2–4.)

The Court finds that Petitioner has not exhausted his administrative remedies and has not demonstrated that exhaustion is unnecessary or would be futile. By the terms of his own petition, Petitioner states that he is currently scheduled for release on November 17, 2025, and that the application of the ETC adjustments he is claiming would move his release date to November 17, 2024. (ECF No. 1 at 8.) The response to Petitioner's October 26, 2020 inmate request to staff form states:

> Your request to be reviewed for earned time credits for participation in evidence-based recidivism reduction programming pursuant to 18 U.S.C. § 3632(d)(4) has been noted. Grand Prairie will notify the Southeast Regional Office (SERO), once the computation of earned time credits begin in this region. Earned time credits have not been computed at this time.

(ECF No. 1-1 at 6.) The response to Petitioner's November 10, 2020 informal resolution request states:

> Your request to be reviewed for FSA Federal Time Credits (FTC) for participation in Evidence-Based Recidivism Reduction (EBRR) and Productive Activities (PA) programming pursuant to 18 U.S.C. [§] 3632(d)(4) has been noted. If you have enrolled in either an EBRR or PA on/after January 2020 your FTCs are currently accruing and will be calculated.

(*Id.* at 3.) Warden Knight's follow-on response to Petitioner's request for administrative remedy, dated December 11, 2020, states:

> The First Step Act included provisions for changes to Good Conduct Time (GCT) calculations. Staff at the Designation Sentence Computation Center (DSCC) have begun reviewing GCT calculations and processing updated sentence computations. Your sentence computation was updated by the DSCC on December 17, 2019, pursuant to FSA time credits. Further proposals have been made again changing the procedures for calculating FSA time credits. While this proposed change may result in additional time credit, it will not be applicable to all inmates. As further information is received, the inmate population will be notified.

(*Id.* at 7.) Petitioner does not contest the fact that he did not appeal to the Regional Director or to the General Counsel. (*See* ECF No. 13 at 7.)

As one court recently noted when dismissing for failure to exhaust administrative remedies a § 2241 petition that sought good conduct time credits pursuant to the FSA:

> This case underscores the importance of one of the core values that the exhaustion requirement is designed to serve: ensuring that the Court has an adequate record before it to review the agency action in question. Without a full administrative record explaining the BOP's actions and the reasons for those actions, the Court lacks an adequate evidentiary basis upon which to review the claims asserted in the petition.

*Schmutzler v. Quintana*, No. 5:19-CV-046-DCR, 2019 WL 727794, at *1 (E.D. Ky. Feb. 20, 2019) (internal citation omitted). On the current record, it appears that Petitioner *may* be entitled to certain ETC adjustments and that the BOP is in the process of implementing further review in his case, among many others. This case does not present a situation where proper exhaustion would moot the relief requested due to a sufficiently immediate release date. Even if Petitioner were to obtain the full relief he is requesting, his release date would still be more than three years away. Accordingly, the Magistrate Judge correctly concluded "this is precisely the type of case which requires a fully developed administrative record so that the Court may evaluate the BOP's calculation of time to be credited to Petitioner's sentence." (ECF No. 13 at 11.) Petitioner's objections are overruled.

## CONCLUSION

For the reasons stated above and by the Magistrate Judge, the Court overrules Petitioner's objections and adopts and incorporates herein the Magistrate Judge's Report. It is therefore ORDERED that Petitioner's § 2241 petition is DISMISSED without prejudice and without requiring Respondent to file an answer or return. Petitioner's motion for expedited review is DENIED as moot.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

September 14, 2021
Greenville, South Carolina

5